UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DONNELLY,

    Plaintiff,

v.

THE BANK OF NEW YORK MELLON,
N.A., et al.,

    Defendants.
_____/

CASE NO. 1:11-cv-1111

HON. ROBERT HOLMES BELL

**O P I N I O N**

    This matter is before the Court on Defendant Bank of New York Mellon's ("BNYM") motion to dismiss Plaintiff's amended complaint. (Dkt. No. 17.) Defendant Bank of America, N.A. ("BANA") concurs in BNYM's motion, and also moves for dismissal. (Dkt. No. 22.) For the reasons that follow, Defendants' motions to dismiss will be granted.

**I.**

    In 2005, Plaintiff obtained a $222,500 loan from Countrywide Home Loans. As security for the loan, Plaintiff and his then wife granted a mortgage on the property at 99 Radney Dr. SE, Lowell, Michigan 49331 to MERS (as nominee for Countrywide and Coutrywide's successors and assigns). The loan was pooled into a security by CWABS, Inc., which endorsed Plaintiff's promissory note and assigned it to BNYM. MERS also assigned the mortgage to BNYM. Plaintiff alleges that BAC Home Loans Servicing acted as the

servicer of the loan at the direction of BNYM, and that BANA assumed that role upon merging with BAC.

Plaintiff defaulted on the loan, and BAC instituted foreclosure proceedings through the law firm Randall S. Miller & Associates in December of 2009. Notice of foreclosure was published on January 20, 2010. Plaintiff alleges that, in response to the foreclosure notice, Plaintiff requested a loan modification. Plaintiff references letters from BANA sent in April and May of 2010 requesting additional information from Plaintiff in connection with the Home Affordable Modification Program. Plaintiff also attended a loan modification seminar hosted by BANA on March 4, 2011, during which Plaintiff once again submitted loan modification documents.

The property at issue was sold in a foreclosure sale on March 9, 2011. Plaintiff filed the present action six months later on September 9, 2011, claiming improper foreclosure in violation of Mich. Comp. Laws § 600.3204(4), and unjust enrichment.

**II.**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). In reviewing the motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of

the plaintiff." *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). However, "that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

### III.

Upon review, the Court finds that Plaintiff does not have standing to challenge the foreclosure in question. Under Michigan law, a former owner loses all rights in a foreclosed property when the statutory redemption period expires. *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 4 N.W.2d 514, 517 (1942); *see also* Mich. Comp. Laws § 600.3236. From that point onward, the former owner can no longer assert claims concerning the property. *Ocerton v. Mortg. Elec. Registration Sys., Inc.*, No. 284950, 2009 Mich. App. LEXIS 1209, at *3 (Mich Ct. App. May 28, 2009); *Bundy v. Fannie Mae*, No. 10-12678, 2011 U.S. Dist. LEXIS 27563, at *3 (E.D. Mich. Mar. 17, 2011) ("Once [the redemption] period expires, any rights in the property which may have been held by the previous title holder are extinguished. . . . Plaintiff has offered no reason in her objections, and the court is aware of none, as to why she has had standing after this date to challenge the foreclosure.").

In the present case, the statutory redemption period for the March 9, 2010, foreclosure expired on September 9, 2010. This lawsuit was filed that very day. However, the filing of a lawsuit does not toll the redemption period. *Bundy*, No. 10-12678 at *3; *Journeau v.*

*Mortg. Elec. Registration Sys. Inc.*, No. 11-cv-13774, slip op. at 1-2 (E.D. Mich. Nov. 7, 2011) ("Plaintiff has no standing to assert . . . claims regarding the property at issue because . . . all of a mortgagor's rights in mortgaged premised are extinguished upon the expiration of the redemption period. The filing of a lawsuit does not alter this result.").

Plaintiff does not deny this general rule, or that the redemption period in this case has passed. However, Plaintiff argues that Michigan recognizes standing "exceptions" applicable to his case. Specifically, Plaintiff refers to *Manufacturers Hanover Mortgage Corp. v. Snell*, 370 N.W.2d 401, 404 (Mich. Ct. App. 1985), and *United States v. Garno*, 974 F.Supp 628, 633 (E.D. Mich. 1997). However, neither case provides a basis for tolling the redemption period and allowing Plaintiff to bring claims concerning his lost property.

In *Snell*, the Michigan Court of Appeals held that a mortgagor has the right to challenge the validity of a foreclosure by advertisement by raising any available equitable defenses in a summary eviction proceeding. This, however, is not a summary eviction proceeding, and *Snell* is not applicable. *Snell* merely allows persons who might otherwise be unable to afford representation in a separate lawsuit to contest the foreclosure by holding over and forcing a summary eviction proceeding. It does not address the appropriate time for Plaintiff to press his rights in a separate action.

Plaintiff's reliance on *Garno* is also misplaced. The court in *Garno* noted that the "Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." *Garno*, 974 F. Supp.

628 at 633. Plaintiff extrapolates that, because his complaint alleges irregularities and/or fraud with respect to his efforts to obtain a loan modification, he should be allowed to proceed. However, *Garno* merely notes the high bar for overturning a foreclosure; it does *not* address whether a plaintiff has standing to meet that bar once the redemption period has expired. Even if Plaintiff's complaint alleged facts suggesting irregularity or fraud in the foreclosure process, that is no basis for ignoring the Michigan rule that all interests in a foreclosed property expire with the redemption period. Plaintiff cannot create standing simply by arguing that his allegations, if timely, could have satisfied the standard for setting aside the foreclosure.

Furthermore, even looking beyond the issue of standing, the Court finds that Plaintiff has not alleged facts which support his claim of wrongful foreclosure under Mich. Comp. Laws § 600.3204(4). The thrust of Plaintiff's argument is that BNYM should not have executed the foreclosure while BAC and then BANA, the loan servicer, continued to work with Plaintiff on a potential loan modification. Plaintiff relies on the following statutory language:

> A party shall not commence proceedings under this chapter to foreclose a mortgage of property claimed as a principal residence . . . if 1 or more of the following apply:
> . . .
> (f) The mortgagor and mortgagee have agreed to modify the mortgage loan and the mortgagor is not in default under the modified agreement.
> (g) Calculations under section 3205c(1) show that the mortgagor is eligible for a loan modification and foreclosure under this chapter is not allowed under section 3205c(7).
> . . .

5

Mich. Comp. Laws § 600.3204(4)(f)-(g). Although there is ambiguity in the complaint and motion briefs regarding whether Plaintiff is relying on subsection (f) or (g), neither prohibited the foreclosure sale on the facts alleged.

Section 600.3204(4)(f) prohibits foreclosure where a mortgagor and mortgagee have agreed on a loan modification, and the mortgagor has not defaulted on the modified agreement. Here, Plaintiff admits that he "never received a modification agreement." (Dkt. No. 19 at 9.) Whether or not he was told by the loan servicer that he was eligible for a loan modification is immaterial in this provision.

Section 600.3204(4)(g) prohibits foreclosure under certain circumstances when a determination has been made under § 600.3205c(1) that Plaintiff is eligible for a modification. However, at the time of the foreclosure, calculations under § 600.3205c(1) were only undertaken "[i]f a borrower has contacted a housing counselor under section 3205b . . . ."[1] Here, Plaintiff has not alleged that he ever contacted a housing counselor.

Thus, in addition to his lack of standing, Plaintiff's claim of wrongful foreclosure under Mich. Comp. Laws § 600.3204(4)(f)-(g) must fail for failure to state a claim for which relief may be granted. Plaintiff's additional claim for unjust enrichment must also fail because Plaintiff has not alleged that he bestowed any benefit on his creditors, and because a claim of unjust enrichment cannot be maintained when an express contract covers the same

---

[1] In 2011, the language of this section was amended in P.A. 2011, No. 302 to replace "If a borrower has contacted a housing counselor" with "If a borrower has, either directly or through a housing counselor, contacted a person designated under section 2305(a)(c) . . . ." However, for purposes of the foreclosure in question, the original language was in effect.

matter. *Barber v. SMH(US), Inc.*, 509 N.W.2d 791, 796-97 (Mich. Ct. App. 1993). Here, the promissory note and mortgage govern. Accordingly, Defendants' motions to dismiss under Rule 12(b)(1) and 12(b)(6) will be granted. An order consistent with this opinion will be entered.


Dated: May 31, 2012                                   /s/ Robert Holmes Bell
                                                                                    ROBERT HOLMES BELL
                                                                                   UNITED STATES DISTRICT JUDGE